COUNTY COMMISSIONERS: COMPENSATION PER DIEM ALLOWANCE. Authority to provide per diem allowance does not permit a per meeting payment. Per diem payment permitted for meetings of county board. Members may not be paid multiple per diem for meetings held on the same day, absent independent statutory authority Minn. Stat. §§ 375.055. 375.065.

124a

April 28. 1994

Mark B. Dayton
State Auditor
Suite 400
525 Park Street
Saint Paul. MN 55103

Dear Mr. Dayton:

In your letter you set forth substantially the following:

## FACTS

Minnesota law generally authorizes county commissioners to receive "per diem" payments in addition to salary, for the performance of official duties.

It is current practice in many counties to interpret "per diem" as a per meeting fee. However. we find no authority for the payment of a per meeting fee under current Minnesota Statutes. and therefore seek your advice on the authority for these payments.

Crow Wing County. for example established a per meeting fee of $25.00 on December 30, 1991, for county meetings, subject to an exception for Planning Commission and Board of Adjustment meetings, which are $30.00 per meeting. This resolution was reaffirmed on October 5, 1993.

During the course of our review of per diem payments we noted that multiple payments of $25.00 were paid for the same day for attendance at such meetings as community health service, planning committee, solid waste committee, ambulance meetings, community corrections, and county health. In addition, meeting fees for sub-committees of the Board are paid for such meetings as building committee. county highway, land and forestry and county sheriff. We noted instances where per meeting fees were paid for attendance at township, fire and municipal council meetings on a day where a per meeting fee was also paid for attendance at a committee of the County Board or a special meeting of the Board.

More generally, we are advised by our field staff that some counties also pay a per diem fee for attendance at the regular board meeting and all other special

meetings and committees, allowing multiple per diem payments for attendance at these events on the same day. In addition, it has been reported to us that commissioners submit per diem claims for attendance at township meetings and other meetings of local units of government. The individual commissioner determines whether attendance and submission of claims for per diem payment is appropriate.

You then ask substantially the following questions.

## QUESTION ONE

May counties establish a schedule of "per meeting" payments rather than per diem payments for county commissioners in addition to their salaries?

## OPINION

V e answer your question in the negative. Compensation for county commissioners in most counties is provided pursuant to Minn. Stat. §§ 375.055-375.065 (1992). Minn. Stat. § 375.055, subd. 1, provides in part:

> The county commissioners in all counties, except Hennepin and Ramsey, shall receive as compensation for services rendered by them for their respective counties, annual salaries and in addition may receive per diem payment and reimbursement for necessary expenses in performing the duties of the office as set by resolution of the county board. The salary and schedule of per diem payments shall not be effective until January 1 of the next year. The resolution shall contain a statement of the new salary on an annual basis. The board may establish a schedule of per diem payments for service by individual county commissioners on any board, committee or commission of county government including committees on the board, or for the performance of services by individual county commissioners when required by law.

(Emphasis added)

Minn. Stat. § 475.06, subd. 1, provides in part:

> The members of the county boards in counties other than Hennepin, Ramsey, and St. Louis, may be paid a per diem pursuant to Section 375.055, subdivision 1, for each day necessarily occupied in the discharge of their official duties while acting on any committee under the direction of the board, and may be paid their actual and necessary traveling expenses in accordance with Section 471.665 for travel incurred in the discharge of the committee work. Any committee may be comprised of all of the members of the county board.

(Emphasis added)

Thus. county commissioners are authorized to receive annual salaries and may also be paid "per diem" for performing the duties of office. including work on committees "under the direction of the board." and individual services as commissioners "when required by law."

As noted in the materials included with your letter. the plain meaning of the term "per diem" is "by the day" or "pay for a day's service" Black's Law Dictionary (Rev. 4th Ed.) 1293. Words in statutes are generally to be construed in accordance with their common and approved usage. Minn. Stat. § 645.08(1) (1992). Thus. we must assume, absent any authority to the contrary, that the "per diem" compensation authorized by the foregoing statutes is intended to be computed and allowed by the day in which services are performed, rather than with respect to each "meeting" attended or each separate task performed. This concept is clearly expressed in Section 475.06. subd. 1. quoted above in stating that the payment may be made for "each day necessarily occupied" in the discharge of duties.

## QUESTION TWO

May a county board member receive a "per diem" for attendance at the regular meeting of the board?

## OPINION

We answer your question in the affirmative. As noted above, Section 375.055, authorizes the county board of commissioners to provide. by resolution. a salary and schedule of per diem payments to be paid to commissioners for performing "the duties of office." The board is required by statute to meet on the "first Tuesday after the first Monday in January, and on other days it prescribes as necessary for the interests of the county." Minn. Stat. § 375.07 (1992). It seems clear that attendance at meetings of the board is one of the "duties of the office" for which per diem payments may be allowed. Therefore. it is our view that such payment are permitted to the extent prescribed in the resolution of the board establishing the schedule of per diem payments.

This opinion is. however. subject to the provisions of Minn. Stat. § 375.065 (1992), which prohibits any county commissioner whose salary is more than 50 percent of the

governor's salary, from receiving any per diem for "attendance at meetings related to the business of any local government unit."

## QUESTION THREE

May a county board member receive a per diem on the day of the county board meeting if the member also attends a committee meeting of the board or performs other board related services on that day?

## OPINION

The response to Question two above would appear to provide the answer to this question as well.

## QUESTION FOUR

May a county board member receive multiple per diem payments on the same day when the board member attends several committee meetings and performs such services as road inspection?

## OPINION

We answer your question in the negative. As noted above, the "per diem" authorized by Sections 375.055 and 375.06 is to be paid by the "day" spent in performing the duties of office. However, inasmuch as the law, in many circumstances, does not recognize fractions of a day, it is generally held that no particular length of time spent in a given day is required to entitle an officer to collect per diem for a "day" of work. See, e.g., Op. Att. Gen. 124a, May 19, 1959, Annot. 1 ALR. 276, 277. On the other hand, it is also generally held that an officer cannot collect more than one day's per diem pursuant to the same authority, regardless of the number of hours spent in performing work in a single day. Annot. 1, ALR, 276, 278. Minn. Stat. § 375.055, subd. 1, authorizes payment to commissioners by the day for performing the duties of office. Section 375.06 authorizes the same per diem "pursuant to Section 375.055, subdivision 1" for each day necessarily occupied in the discharge of official duties while acting on any committee under the direction of the board. Thus, it appears that per diem whether for committee work or other "duties of office" is payable under the single authority of Section 375.055, subd. 1.

Mark B. Dayton
Page 5
April 28, 1994

Therefore. it is our view that a county commissioner. when authorized by resolution of the board. may collect one per diem for each day spent in performing the official duties connected with the office. regardless of how few or many separate duties connected with the office are performed in such day.

We recognize. however. that there might exist other statutes which provide independent authority for per diem payments in addition to those authorized by Sections 375.055. 375.06. Minn. Stat. § 375.055. subd. 5. provides in part:

> Except as provided herein nothing in this section shall limit the right of a county commissioner to collect and retain any fees. per diem payment made pursuant to subdivision 1. or any mileage or expense allowance. or reimbursement of expenses in attending meetings or in the conduct of the business of a board. commission or committee of county government on which the commissioner serves. which the commissioner is now authorized bv any other law to collect and retain in addition to the stated annual salary.

(Emphasis added)

This subdivision has recognized that commissioners. in addition to serving as such, might serve on other bodies of government for which additional compensation is separately authorized by statute. In those situations we have concluded that more than one per diem might be retained for a given calendar day in which a commissioner performs commissioner duties and also performs duties for a statutorily separate body with independent authority to compensate its members. For example, in Op. Atty. Gen. 124a, May 19, 1959, we concluded that a county board member might receive per diem pursuant to Section 375.06 for commission work as part of a road viewing committee. and could also retain per diem for a county welfare board meeting held the same day. As noted in that opinion. Section 393.03 at that time provided that each member of the welfare board may receive per diem "in addition to other salary received from any other source." The opinion noted that "when county commissioners attend meetings of the county welfare board. they do so as members of that board and not as county commissioners."

Likewise in Op. Atty. Gen. 124a. April 12. 1972. we concluded that a commissioner could receive two per diem allowances for attending a meeting of the welfare board and a meeting of the hospital board on the same day. Again. at the time. both the hospital board and welfare board were constituted under separate statutes each independently authorizing payment of added compensation.

Thus, there may be instances in which a commissioner might be separately authorized to receive a per diem apart from the one authorized for work as a county commissioner. It appears, however. that such separate authority has been. for the most part, eliminated.

In 1975, when the legislature amended Minn. Stat. § 375.055. subd. 1. to generally authorize the payment of per diem to county commissioners in addition to salary, it also amended other statutes pertaining to various boards and committees related to county government to remove separate authority for payment of per diem to county commissioners who are members. and to direct that Section 375.55. as amended. be the source of per diem authority for commissioners serving with such bodies. Act of June 4, 1975, ch. 301. 1975 Minn Laws 816. See id. §§ 1 (Extension Committee), 2 (drainage proceedings), 4,5 (tax forfeited land sales), 6 (fence viewings) 10 (miscellaneous county boards, agencies or committees), 12 (nursing home boards), 13 (welfare boards), 14 (planning commissions).

We have not located independent authority for payment of per diem other than that provided for in Section 375.055 for work with the committees mentioned in your letter or for such things as "road inspection."[1] Absent such independent authority, it is our view that a commissioner may receive. under Section 375.055, one day's per diem for each day spent in carrying out his or her county duties regardless of how many or few separate tasks are involved.

---

1. Cf. Op. Atty. Gen. 1930, No. 273. P. 248 (enclosed) which distinguishes between legitimate "committee" work and undertaking of the function of the town engineer.

## QUESTION FIVE

Is there authority to pay a per diem for attendance at meetings of other bodies such as township meetings or fire department meetings and if so, must the annual resolution detail which meetings other than county meetings qualify for per diem?

## OPINION

Except as qualified below, we answer your question in the negative. The authority to pay per diem for attendance at such meetings would depend upon whether that attendance could reasonably be viewed as acting on a committee under the direction of the board (Minn. Stat. § 375 06, subd. 1), or service by an individual which is either "required by law" or associated with a "board, committee, or commission of county government," (Minn. Stat. § 375.055, subd. 1). We are not aware of specific instances in which a county commissioner, as such, would be expressly required by law to attend town meetings or fire department meetings. Nor would such groups be considered boards, commissions or committees of the county.

It is, of course, possible that the county board may, in appropriate circumstances, designate one or more commissioners as a committee to perform some fact-finding or liaison function which would necessitate attendance at meetings of some organizations or group outside of county government. In those circumstances, per diem would seem to be authorized pursuant to Minn. Stat. § 375.06, subd. 1. However, we do not find authority for payment of per diem for general attendance where a commissioner simply decides on his or her own to attend such meetings. Cf. Op. Atty. Gen. 1930, No. 273, P. 248; 124-A, June 15, 1951 (copy enclosed).

Best regards,

HUBERT H. HUMPHREY III
Attorney General

Enclosure
.et0